1  KEVIN G. LITTLE, SBN 149818
   ATTORNEY AT LAW
2  2115 Kern Street, Suite 330
   Fresno, California 93721
3  Telephone: (559) 486-5730
   Facsimile: (559) 486-4759
4
   Attorney for Plaintiffs the Estate of Angela
5  Arteaga, Jose Lopez Palomar, Destiny Lopez
   Jose Lopez Arteaga, Josefina, Lopez Arteaga,
6  Josefina Lopez Arteaga, Abundio Lopez Arteaga,
   Patricia Lopez Arteaga, Sonia Lopez Arteaga, and
7  the Estate of Olivia Lopez Arteaga

8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10                              ***

11 | THE ESTATE OF ANGELA ARTEAGA LOPEZ, by and through its legal representative, JOSE LOPEZ PALOMAR; JOSE LOPEZ PALOMAR; DESTINY LOPEZ, a minor suing through her guardian and legal representative BETTY MARTINEZ; JOSE LOPEZ ARTEAGA, JOSEFINA LOPEZ ARTEAGA, ABUNDIO LOPEZ ARTEAGA, PATRICIA LOPEZ ARTEAGA, SONIA LOPEZ ARTEAGA, minors suing through their guardian and legal representative, JOSE LOPEZ PALOMAR; THE ESTATE OF OLIVIA LOPEZ ARTEAGA, by and through its legal representative, JOSE LOPEZ PALOMAR, | No. CV-F-07 |
|---|---|
| | COMPLAINT FOR DAMAGES AND WRONGFUL DEATH |
| | The Emergency Medical Treatment and Active Labor Act |
| | Medical Malpractice |
| | JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | |
| FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER; DR. ROBERT AYERS, | |
| Defendants. | |

TO THE HONORABLE COURT:

   Plaintiffs, through their undersigned attorney, hereby respectfully submit the following allegations and claims against the defendants, and each of them.

---
COMPLAINT FOR DAMAGES AND WRONGFUL DEATH

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, as this action is one arising under the federal civil rights laws and presenting a supplemental state law claim.

2. This Court has venue in this action pursuant to 28 U.S.C. § 1391(b), as the incidents giving rise to this action all occurred within this judicial district.

3. All procedural prerequisites to the filing of his action under state law have been fulfilled.

## PARTIES

4. Plaintiff the Estate of Angela Arteaga Lopez is the legal entity entitled to pursue claims on behalf of the decedent, Angela Arteaga Lopez (sometimes hereinafter referred to as "the decedent"). The legal representative of the Estate of Angela Arteaga Lopez under state law is her surviving spouse, Jose Lopez Palomar.

5. Plaintiff Jose Lopez Palomar is the surviving spouse of the decedent and is suing in that individual capacity. Jose Lopez Palomar is a citizen and resident of the State of California, County of Fresno. Jose Lopez Palomar works in a raisin packing house. Jose Lopez Palomar is also the surviving parent of all but one of the minor plaintiffs and also serves as their legal representative for purposes of this action.

6. Plaintiff Destiny Lopez is a minor whose legal rights in this action are represented by her maternal grandmother and legal guardian, Betty Martinez. Destiny Lopez is 12 years old and is a citizen and resident of the State of California, County of Fresno.

7. Plaintiff Jose Lopez Arteaga is a minor whose legal rights in this action are represented by his surviving parent, Jose Lopez Palomar. Jose Lopez Arteaga is 9 years old and is a citizen and resident of the State of California, County of Fresno.

8. Plaintiff Josefina Lopez Arteaga is a minor whose legal rights in this action are represented by her surviving parent, Jose Lopez Palomar. Josefina Lopez Arteaga is 6 years old and is a citizen and resident of the State of California, County of Fresno.

9. Plaintiff Abundio Lopez Arteaga is a minor whose legal rights in this action are represented by his surviving parent, Jose Lopez Palomar. Abundio Lopez Arteaga is 4 years old and is a citizen and resident of the State of California, County of Fresno.

10. Plaintiff Patricia Lopez Arteaga is a minor whose legal rights in this action are represented by his surviving parent, Jose Lopez Palomar. Patricia Lopez Arteaga is 3 years old and is a citizen and resident of the State of California, County of Fresno.

11. Plaintiff Sonia Lopez Arteaga is a minor whose legal rights in this action are represented by his surviving parent, Jose Lopez Palomar. Sonia Lopez Arteaga is 2 years old and is a citizen and resident of the State of California, County of Fresno.

12. Plaintiff the Estate of Olivia Arteaga Lopez is the legal entity entitled to pursue claims on behalf of the decedent, Angela Arteaga Lopez (sometimes hereinafter referred to as "the decedent"). The legal representative of the Estate of Olivia Arteaga Lopez under state law is her surviving parent, Jose Lopez Palomar.

13. Defendant Fresno Community Hospital and Medical Center (FCH) is a non-profit corporation doing business in the State of California. FCH owns and operates several hospitals in the Central Valley, including Community Medical Center - Fresno. Community Medical Center - Fresno is a hospital governed by the Emergency Medical Center and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, *et seq.*, as it receives federal funding described under 42 U.S.C. § 1395cc and has an emergency department.

14. Defendant Dr. Robert Ayers ("Dr. Ayers") is a physician licensed to practice in the State of California. Dr. Ayers is, upon information and belief, a citizen and resident of the State of California, County of Fresno.

**FIRST CAUSE OF ACTION**

*Violation of EMTALA (As to Defendant FCH Only)*

15. On May 23, 2006, when she was approximately 38 weeks pregnant, the decedent presented at FCH's labor and delivery triage area with complaints of fever, abdominal cramping and pain, and a sensation of decreased fetal movement. The decedent also reported an eventful prenatal course, which included signs of a serious

1  prenatal/perinatal infection. Based on both the presentation of the decedent and her
2  unborn child, their were clear symptoms that required them both to be screened, evaluated,
3  treated and admitted as emergency patients.

4       16.    Later on May 23, 2006, the decedent was admitted with a diagnosis of
5  intrauterine pregnancy, chioroamnionitis, sepsis, intrauterine fetal demise, disseminated
6  intravascular coagulation versus preeclampsia and hemolysis, elevated liver enzymes, and
7  low platelet count syndrome.  After the emergency presentation and admission, Dr. Ayers
8  was the attending physician for the decedent and her unborn child and at all times had the
9  responsibility for dictating the course of her care, along with FCH's emergency labor and
10 delivery staff.

11       17.    Despite being admitted to FCH for various emergency conditions, the
12 decedent did not receive screening that would have identified the specific mechanism of
13 her recognized symptoms, nor did she receive the timely and effective treatment that would
14 have stabilized her.  Indeed, the decedent did not receive the infectious workup or timely
15 potent intravenous antibiotics that similarly situated patients would have received and that
16 prevailing medical standards mandated.  The plaintiffs are informed and believe that, in
17 both of these respects, the decedent and her unborn child were denied the screening and
18 stabilizing treatment that similarly situated plaintiffs would have received and that medical
19 standards demanded.

20       18.    The results of FCH's and Dr. Ayers' failures were disastrous. The
21 decedent's unborn child was born deceased on May 23, 2006, and the decedent's
22 uncontrolled infectious condition worsened to the point that she died on May 24, 2006. The
23 decedent underwent an emergency procedure on May 24, 2006, even though no steps had
24 been taken to ascertain or control her specific, serious infectious condition.  Based on the
25 decedent's prenatal course, which was well known to Dr. Ayers, her prenatal physician,
26 and FCH's emergency labor and delivery staff, the inordinately delayed assessment and
27 treatment of the decedent's and her unborn child's condition was inexcusable and in clear
28 violation of EMTALA and the legal standard protecting patients from medical malpractice.

19. The decedent has left behind a loving family who relied upon her care, love and support. The decedent's unborn child died without being baptized, which is the ultimate travesty to Catholic families such as plaintiffs.

20. Under EMTALA's statutory and regulatory provisions, FCH has a statutory duty to provide an appropriate emergency screening examination and stabilizing treatment to all patients who come into its facilities with a perceived emergency condition, without regard to their ability to pay for emergency medical services. These duties apply equally to those who present at EMTALA governed hospitals in active labor such as how the decedent was perceived.

21. As detailed hereinabove, FCH failed to provide Christina with the appropriate emergency screening examination and treatment required by EMTALA. Specifically, as alleged above, the decedent and her unborn child did not receive a screening examination comparable to what similarly situated patients seeking emergency treatment would have received and been entitled to receive. The decedent and her unborn child also did not receive a screening examination that was more than cursory or designed to identify an emergency condition. Further, the provision of an appropriate screening examination was well within the capabilities of Community Medical Center - Fresno at the time of the decedent's and her unborn child's emergency presentations.

22. FCH's failures to comply with EMTALA's screening requirement caused Christina's damages, as alleged hereinabove. Therefore, FCHMC is liable under EMTALA.

## SECOND CAUSE OF ACTION

*Medical Malpractice*

23. Each of the foregoing alleged paragraphs is incorporated herein by reference.

24. As health care providers, FCH and Dr. Ayers both had a duty to engage in the non-negligent provision of medical treatment. This duty required them to provide the decedent and her unborn child with medical care that met or exceeded the pertinent standards of treatment.

25. FCH and Dr. Ayers breached their respective duties to provide medical

1  treatment in a non-negligent manner.  Specifically, FCH and Dr. Ayers breached this duty
2  by providing substandard emergency medical treatment to the decedent, as alleged above.
3      26.    FCH's and Dr. Ayers' breaches of their respective duties to provide medical
4  treatment in a non-negligent manner caused the plaintiffs' damages, as alleged
5  hereinabove.
6      27.    Therefore, as a result of their breaching their duties to provide the decedent
7  and her unborn child medical treatment in a non-negligent manner, FCH and Dr. Ayers are
8  liable in this action.

## **DAMAGES**

10      28.    As a direct and actual result of the above-described wrongful acts by the
11  defendant, the plaintiffs have suffered significant damages, as alleged hereinabove.
12  These damages, which are emotional, financial, and general, are enduring in nature.  All
13  of these damages are compensable under both federal and California law.

14      29.    Therefore, based on defendants' liability under the above-described causes
15  of action and as compensation for their past, present and future physical, economic and
16  moral damages, plaintiffs request from the defendants an amount to be proved at trial.
17  Plaintiffs also request the costs of this proceeding, prejudgment interest, and any other
18  relief to which they may be entitled.

19      30.    Plaintiffs do not herein request punitive damages but rather reserve the right
20  to amend their complaint in order to seek such damages, if the facts adduced in discovery
21  indicate that such an amendment might be appropriate.   Plaintiffs also reserve the right
22  to request punitive damages in connection with the superseding pretrial order, if the facts
23  adduced in discovery indicate that such a request might be appropriate.

24      31.    A trial by jury is hereby requested, consistent with the Seventh Amendment
25  to the United States Constitution and other applicable law.

26  ///
27  ///
28  ///

In Fresno, California, this 22nd day of May, 2007.

                        Respectfully submitted,

                        BY: /S/ KEVIN G. LITTLE
                             KEVIN G. LITTLE
                             Attorney for Plaintiffs