IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANGELA ARTEAGA LOPEZ, by and through its legal representative, JOSE LOPEZ PALOMAR; et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER; DR. ROBERT AYERS,<br><br>　　　　　Defendants. | CV F F-07-0752 AWI DLB<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS CLAIM AGAINST DEFENDANT DR. ROBERT AYERS PURSUANT TO F.R.C.P. 12(b)(1)<br><br>Doc. # 18 |

　　　　This is an action for damages pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA") and for medical malpractice under California common law by plaintiffs Estate of Angela Arteaga Lopez, et al. ("Plaintiffs") against defendants Fresno Community Hospital and Medical Center ("FCH") and Dr. Robert Ayers ("Ayers") (collectively, "Defendants"). In the instant motion, Defendants seek to dismiss the complaint as to Ayers pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground Plaintiffs have failed to comply with the terms of the Federal Tort Claim Act, 28 U.S.C. § 2671 et seq. ("FTCA"). Defendants also contend United States is the proper party defendant with respect to Plaintiff's malpractice claim. Plaintiff generally concedes the requirement for compliance with the FTCA and concedes that United States is the proper party defendant with respect to Plaintiff's malpractice claim. For the reasons that

follow, the court will grant Defendants' motion to dismiss the complaint with respect to Ayers only and will grant leave to amend.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On May 23, 2006, Angela Arteaga Lopez (hereinafter "Decedent") presented to FCH's labor and delivery area with what the complaint alleges to have been signs and symptoms of a "serious prenatal/perinatal infection." Doc. # 1 at 15. Following her admission to FCH, Decedent's attending physician was Ayers, who was an employee of Sequoia Community Health Foundation, Inc. (hereinafter "Sequoia Health"). Decedent's unborn child died on May 23, 2006, and Decedent died the following day. The complaint for damages and wrongful death was filed on May 22, 2007.

Sometime following the filing of the original complaint, it became known that Sequoia Health is a federally funded "Health Center" within the meaning of 42 U.S.C. § 254b. Pursuant to 42 U.S.C. § 233, the exclusive remedy against officers and employees of federally funded Health Centers for harms arising from their employment is through the FTCA. Plaintiff filed an administrative claim pursuant to the FTCA on March 31, 2008. Plaintiff alleges the FTCA administrative claim remains pending as of the date of this writing. Plaintiff lodged a document titled "First Amended Complaint for Damages and Wrongful Death" (hereinafter, "proposed FAC") on October 17, 2008. Doc. # 22. An inspection of the court's docket report indicates that Plaintiffs' proposed FAC has not been filed as of this writing.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v.

Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).  When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979);  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), *rev'd on other grounds*, 963 F. 2d 229 (9th Cir.1992).  A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings.  Mortensen, 549 F. 2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction.  St. Clair v. City of Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983).

## DISCUSSION

Pursuant to 42 U.S.C. § 233(g), an action against the United States under the FTCA is the exclusive remedy for any claim against a federally funded Health Center as defined in section 254b or any of the officers or employees of such Health Center.  It is not disputed that Sequoia Health is a federally funded Health Center within the meaning of section 254b and that Ayers is an employee coming within the scope of section 233(g).  It is also not disputed that Ayers was acting within the scope of his employment when the events occurred that gave rise to this action.  Consequently the parties generally agree that the United States is the proper party defendant with regard to Plaintiffs' malpractice claim and that the FTCA provides the sole procedure by which Plaintiff may seek relief with respect to Plaintiffs' malpractice claim.

3

The FTCA provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant anytime thereafter, be deemed a final denial of the claim for purposes of this section.

42 U.S.C. § 2675(a).

Plaintiffs allege that a "stay" that was alleged to have been imposed on July 2, 2008, should remain in effect until Plaintiffs' tort claim is finally decided.  It is not at all clear to the court that a stay was imposed.  Plaintiffs suggested a stay in their scheduling order of March 7, 2008, but the result of hearings on March 10, 2008, and July 2, 2008, appear to have been continuances, not a stay.  Given the Defendants filed their motion to dismiss prior to any order lifting a stay, it appears the proceedings were not universally understood to have been stayed as of the July 2, 2008, scheduling conference.

Whether or not there was a stay, Defendants' motion for dismissal pursuant to Rule 12(b)(1) requires the court to address the question of whether a court may maintain its jurisdiction over an action against the United States[1] that was filed prior to the filing of an administrative tort claim where the court's jurisdiction is challenged by a motion to dismiss that is filed after the running of the six-month period specified in section 2675(a).

The Ninth Circuit has held that the presentment requirements of section 2675(a) are "jurisdictional in nature, and thus must be strictly adhered to." Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992).  In so ruling, the Jerves court specifically distinguished

---

[1] The court is mindful of Plaintiffs' objection that the United States has not been named as a defendant to this point and that the original complaint names Ayers in his personal capacity.  Plaintiffs' objection makes no difference to the outcome of the motion to dismiss.  By deeming United States to be the proper party defendant at this point, the court may proceed to answer the more substantive question, which is whether the court can maintain jurisdiction under these circumstances or whether dismissal of the claim is required.  Otherwise, the court would simply dismiss the medical malpractice claim for failure to name the proper party defendant.

4

this circuit's strict adherence to the presentment requirement from the more permissive approaches of the Third and Eighth Circuits, which have permitted actions that were filed before the presentment of the administrative tort claim to be maintained until the administrative relief was exhausted so long as there was no substantial progress in the action before the court during the pendency of the administrative claim. See id. (citing Celestine v. Veterans Admin Hosp., 746 F.2d 1360 (8th Cir. 1984); and Kubrick v. United States, 581 F.2d 1092 (3d Cir. 1978)).

At least one district court has confronted a situation similar to the one at hand and has concluded that a district court in this circuit may not maintain an action that was filed before the jurisdictional requirements of section 2675(a) are satisfied. In Ellis v. Hanson Natural Res. Co., 857 F.Supp 766 (D. Or. 1994), the district court confronted the situation where a plaintiff commenced an action improperly against a defendant other than the United States prior to the filing of an administrative tort claim under the FTCA. The plaintiff then filed a second amended complaint naming the United States as the defendant after the filing of the administrative tort claim but before the administrative tort claim was finally denied. Following the final denial of the administrative tort claim the plaintiff in Ellis moved to change the caption without re-filing the complaint. The court in Ellis determined that the changing of the caption only following the final denial of the administrative tort claim was not sufficient to meet the jurisdictional requirements of 28 U.S.C. § 2675(a). The plaintiff was required to file a third amended complaint. See id. at 770-771.

The court finds that the weight of authority in this circuit requires the court dismiss Plaintiffs' original complaint and permit amendment.

THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that the complaint is hereby DISMISSED with respect to Plaintiffs' malpractice claim against

defendant Ayers only.  Leave to amend and to substitute United States as the proper party defendant is hereby GRANTED.  If Plaintiffs wish to file the First Amended Complaint that was previously lodged with the court, they may so request.  Otherwise, any other amended complaint may be filed and served not later than twenty-one (21) days from the date of service of this order.

IT IS SO ORDERED.

**Dated:   November 19, 2008**              /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE