# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ANGELA ARTEAGA LOPEZ, et al., | 1:07cv0752 AWI DLB |
| Plaintiffs, | FINDINGS AND RECOMMENDATION REGARDING MOTION FOR APPROVAL OF MINOR'S COMPROMISE |
| v. | |
| FRESNO COMMUNITY HOSPITAL, et al. | (Document 44) |
| Defendants. | |

Plaintiff/Petitioner Jose Lopez Palomar and Petitioner Betty Ann Martinez filed the instant motion for approval of minor's compromise on January 14, 2010. After the parties agreed to hear the motion on shortened time, the motion was heard on February 5, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Kevin Little appeared on behalf of Plaintiff/Petitioner Jose Lopez Palomar. Daniel Harralson appeared on behalf of Petitioner Betty Ann Martinez. The six minors involved in this action, Destiny Lopez, Jose Lopez Arteaga, Josefina Lopez Arteaga, Abundio Lopez Arteaga, Patricia Lopez Arteaga and Sonia Lopez Arteaga, were also present. Alyson Berg, Assistant United States Attorney, appeared on behalf of Defendant United States of America. Carey Johnson appeared on behalf of Defendant Fresno Community Hospital and Medical Center.

## BACKGROUND

There are six minors involved in this action: (1) Destiny Lopez, female, age 14, through Betty Ann Martinez, her general legal guardian; (2) Jose Lopez Arteaga, male, age 11, through

1

Jose Lopez Palomar, his father and legal representative; (3) Josefina Lopez Arteaga, female, age 9, through Jose Lopez Palomar, her father and legal representative; (4) Abundio Lopez Arteaga, male, age 7, through Jose Lopez Palomar, his father and legal representative; (5) Patricia Lopez Arteaga, female, age 6, through Jose Lopez Palomar, her father and legal representative; and (6) Sonia Lopez Arteaga, female, age 4, through Jose Lopez Palomar, her father and legal representative.

The action arises out of the death of Angela Arteaga Lopez ("Decedent"), the mother of all minor Plaintiffs, and her stillborn child, Olivia Lopez Arteaga, in May 2006. On May 23, 2006, at approximately 38 weeks pregnant, Decedent presented to Fresno Community Hospital's labor and delivery triage area with complaints of fever, abdominal cramping and pain and a sensation of decreased fetal movement. She also reported an eventful prenatal course, which included signs of serious prenatal/perinatal infection. Decedent was admitted and placed under the care of Robert Ayers, M.D. Despite being admitted for emergency conditions, Plaintiffs allege that Decedent did not receive screening that would have identified the cause of her symptoms and did not receive treatment that would have stabilized her. Decedent gave birth to a stillborn child on May 23, 2006. Decedent died on May 24, 2006, as a result of an uncontrolled infectious condition.

The minor Plaintiffs, Decedent's Estate, the Estate of Olivia Lopez Arteaga and Jose Lopez Palomar, Decedent's spouse, filed this action on May 22, 2007, under the Emergency Medical Treatment and Active Labor Act ("EMTALA").[1] Plaintiffs named Fresno Community Hospital and Dr. Ayers as Defendants and alleged violation of EMTALA and medical malpractice.

On November 20, 2008, Plaintiffs filed a First Amended Complaint to substitute the United States as a proper party based on the United States' contract with Dr. Ayer's clinic, Sequoia Community Health Center. The medical malpractice cause of action was amended to reflect a claim under the Federal Tort Claims Act.

On May 1, 2009, the parties stipulated to dismiss Plaintiffs' cause of action under EMTALA.

---

[1] Estates were not established for the Decedent or her stillborn child, Olivia Lopez Arteaga, and the estates are therefore not parties to this action or settlement.

The parties filed a notice of settlement on December 14, 2009. The parties settled for the total sum of $205,000. Petitioners propose that this amount be divided according to the applicable provisions of the California Probate Code and that attorneys' fees ($51,250)[2] and costs ($4,398.45) be deducted proportionally.

Specifically, Petitioners propose that the $205,000 be divided as follows:

| Claimant | Gross Recovery | Fees | Costs | Net Recovery |
| --- | --- | --- | --- | --- |
| Jose Lopez Palomar | 68,333.22 | 17,083.30 | 1,444.26 | 49,805.76 |
| Destiny Lopez | 22,777.78 | 5,694.45 | 481.41 | 16,601.92 |
| Jose Lopez Arteaga | 22,777.78 | 5,694.45 | 481.41 | 16,601.92 |
| Josefina Lopez Arteaga | 22,777.78 | 5,694.45 | 481.41 | 16,601.92 |
| Abundio Lopez Arteaga | 22,777.78 | 5,694.45 | 481.41 | 16,601.92 |
| Patricia Lopez Arteaga | 22,777.78 | 5,694.45 | 481.41 | 16,601.92 |
| Sonia Lopez Arteaga | 22,777.78 | 5,694.45 | 547.14 | 16,536.19[3] |
| **TOTAL** | **205,000.00** | **51,250.00** | **4,398.45** | **149,351.55** |

## DISCUSSION

This Court's Local Rule 202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.
> . . .
> (2) . . . The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared

---

[2] Attorneys' fees are limited to 25 percent pursuant to 28 U.S.C. section 2678.

[3] Plaintifff Sonia Lopez Arteaga, the youngest of the minor children, was allocated a higher amount for costs and therefore received a smaller net recovery. The discrepancy is not explained, though there were no objections.

3

or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

. . .

(e) Payment of Judgment. Whenever money or property is recovered on behalf of a minor or incompetent person, the money or property will be (1) disbursed to representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor incompetent person.

Federal Rule of Civil Procedure 17(c) empowers a district court to make an "appropriate order" to protect a minor. "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement." Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Civil Procedure Before Trial, § 15:138 (2009). A settlement for a minor and attorney fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601.

The present petition includes the information required by this Court's Local Rule 202(b)(2) and (c) to address the details of the proposed compromise. Petitioners represent that they have made a careful investigation as to the responsibility for and the nature and extent of the minors' damages. Petitioners reportedly understand that compromise will forever bar and prevent the minors from seeking further recovery of compensation from the Defendants.

Petitioners state that the injuries to the minor claimants are enduring in nature. As they have lost their mother and sister, complete recovery in the ordinary sense is not possible.

Petitioners further indicate that the MICRA cap[4] and proof issues entered into their decision to compromise.

Petitioner Betty Ann Martinez and Plaintiff Destiny Lopez Arteaga are represented by Daniel L. Harralson of the Law Office of Daniel L. Harralson. The remaining minor Plaintiffs and Plaintiff/Petitioner Jose Lopez Palomar are represented by Kevin G. Little of the Law Office of Kevin G. Little. Neither firm has received any attorneys' fees or other compensation for services provided in this matter. They expect to receive attorneys' fees in the amount of $51,250 and costs in the amount of $4,398.45. The Court finds the request for attorneys' fees totaling 25 percent of the settlement to be reasonable.

Petitioner Betty Ann Martinez requests authorization to make an initial $3500 expenditure to purchase a home computer, one year of internet service, school clothing and other miscellaneous supplies for Destiny. Ms. Martinez recently lost her job and has no means to provide these items for Destiny. The Court finds this request to be reasonable.

The remaining funds for Destiny should be held in a bank account, certificate of deposit, annuity or other like instrument, for her sole benefit, until she reaches the age of majority. Any single disbursement in excess of $500 will require Court approval.

The funds for the remaining minor children should be invested for their benefit until they reach the age of majority.[5] Any single disbursement in excess of $500 will require Court approval.

## **CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, the Court RECOMMENDS as follows:

1. The Request for Approval of Minor's Compromise be GRANTED;
2. The total amount of the settlement, $205,000.00, be transferred by the United States without delay to the designated trust account of Plaintiff/Petitioner Jose Lopez Palomar's counsel, Kevin G. Little, and distributed as follows:

---

[4] California's Medical Injury Compensation Reform Act of 1975 limits general damages to $250,000. Cal.Civ.Code § 3333.2 .

[5] Petitioners lodged proposals from New York Life Insurance and Annuity Corporation regarding the proposed manner of investment.

5

a. Attorneys' fees and costs in the total amount of $55,648.45 be paid to the Law Office of Kevin G. Little and the Law Office of Daniel Harralson[6];

b. Plaintiff Destiny Lopez's $16,601.92 share be distributed to Petitioner Betty Ann Martinez, her legal guardian. Petitioner Betty Ann Martinez is authorized to make an initial disbursement of $3,500. The remaining $13,101.92 shall be held in a bank account, certificate of deposit, annuity or other like instrument, for her sole benefit, until she reaches the age of majority;

c. Plaintiffs Jose Lopez Arteaga, Josefina Lopez Arteaga, Abundio Lopez Arteaga, and Patricia Lopez Arteaga's share of $16,601.92 each be distributed to Plaintiff/Petitioner Jose Lopez Palomar, their legal guardian, to be invested for their benefit until they reach the age of majority;

d. Plaintiff Sonia Lopez Arteaga's share of $16,563.19 be distributed to Plaintiff/Petitioner Jose Lopez Palomar, her legal guardian, to be invested for her benefit until she reaches the age of majority; and

3. Any disbursement over $500 shall require Court approval.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 302 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's '

---

[6] Mr. Little and Mr. Harralson do not indicate how these fees will be split. Mr. Little simply requests that "all fees and cost reimbursements shall be distributed to plaintiffs' two counsel." Document 45-2, at 3. There were no objections to this request.

6

| | |
|---|---|
| 1 | Findings and Recommendations." Replies to the objections shall be served and filed within |
| 2 | fourteen (14) days after service of the objections. The Court will then review the Magistrate |
| 3 | Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1). |
| 4 | |
| 5 | IT IS SO ORDERED. |
| 6 | Dated: February 8, 2010      /s/ Dennis L. Beck |
| 7 | UNITED STATES MAGISTRATE JUDGE |